**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0176n.06
Filed: March 4, 2009

Nos. 07-2373 & 08-1241

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JULIE A. DOBROWIAK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CONVENIENT FAMILY DENTISTRY, | ) | DISTRICT OF MICHIGAN |
| INCORPORATED, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before:  DAUGHTREY and ROGERS, Circuit Judges, and RESTANI, Judge.[*]

**RESTANI, Judge.**  Plaintiff-Appellant Julie Dobrowiak commenced this action against

Defendant-Appellee Convenient Family Dentistry, Inc., alleging unlawful termination under the

Family and Medical Leave Act ("FMLA" or "Act"), 29 U.S.C. § 2601 et seq.  The District Court

granted Defendant's motion in part[1] and dismissed the complaint, concluding that Plaintiff failed to

establish a genuine issue of material fact showing that Defendant was an "employer" under the Act.

The District Court also denied Plaintiff's subsequent Federal Rule of Civil Procedure 60(b) motion

---

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

[1]Plaintiff also asserted a state law claim for intentional infliction of emotional distress, which the District Court did not address, and which is not on appeal here.

for relief from the order of dismissal. This Court consolidated Plaintiff's appeals from the order of dismissal and order denying the Rule 60(b) motion. We affirm.

**FACTS & PROCEDURAL HISTORY**

Plaintiff worked as a dental hygienist for Defendant from February 2003 through June 2004. From June 6, 2004, through June 16, 2004, Plaintiff was absent six of her ten scheduled work days as a result of her daughter's illness. Plaintiff's supervisor terminated Plaintiff's employment on June 17, 2004. Plaintiff then commenced this action under the FMLA, alleging unlawful termination. Defendant moved for summary judgment, claiming that it was not subject to the requirements of the FMLA because it was not an "employer" under the Act. The FMLA defines "employer" as an entity that "employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). The regulations clarify that an employer is subject to the requirements of the FMLA "if it maintained 50 or more employees on the payroll during 20 or more calendar workweeks (not necessarily consecutive workweeks) in either the current or the preceding calendar year." 29 C.F.R. § 825.105(e). Defendant claimed that Plaintiff's employer was in fact an entity named Grand Blanc Dental Center, P.C. ("GBDC"), not Convenient Family Dentistry, Inc. as reflected in the complaint, and that GBDC did not meet the 50-employee requirement. In support of its motion, Defendant relied on the deposition of its general manager, Maryanne Rykulski.

Plaintiff responded that her "employer" in fact consisted of GBDC and another entity named Convenient Family Dentistry, P.C. ("CFD"), and that the two, as an "integrated employer,"[2] met the 50-employee requirement.[3] She attached to her response brief an "Exhibit J," a list created by her counsel that contained the names of 55 employees that GBDC and CFD employed for 20 or more weeks during 2004. According to Plaintiff, Exhibit J was based on Defendant's answers to a Request for Admissions and a review of documents that Defendant produced during discovery.

Defendant replied that GBDC and CFD did not meet the "integrated employer" test and that, in any event, Exhibit J did not show that the "integrated employer" met the 50-employee requirement because Defendant's responses to the Request for Admissions stated that the entities "employed those people for at least 20 weeks during 2004" and did not indicate whether or not there were "20 work weeks during 2004 when [GBDC] and [CFD] had, combined, at least 50 employees on [the] payroll[.]" (J.A. 598.) Defendant attached to its reply brief the affidavit of an administrative assistant, Kathy Walker, who stated that based on a review of the 2004 payroll records for GBDC and CFD, "[t]here were not 20 work weeks during 2004 when [GBDC] and [CFD] had, combined, 50 or more employees on the payroll." (J.A. 639.) Plaintiff did not respond in any way to Walker's affidavit during the 21 months that the motion was pending before the District Court.

_____

[2]Under the federal regulations, two or more "[s]eparate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the 'integrated employer' test." 29 C.F.R. § 825.104(c)(2). If this test is met, "the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility." Id.

[3]Plaintiff conceded that Convenient Family Dentistry, Inc. was not a proper defendant.

The District Court granted in part Defendant's motion for summary judgment and dismissed the complaint. The court concluded that Plaintiff failed to show that the 50-employee requirement was met. The court found that Exhibit J was insufficient to make such a showing because "it [was] not enough to identify 50 or more employees who worked 20 or more weeks in a calendar year." (J.A. 674.) The court stated that "the pertinent question [was] whether there were 20 or more weeks during the year in which the employer maintained 50 or more employees on its payroll," and that Plaintiff did not "address the degree (or lack) of overlap in the 20 or more weeks worked by each of [the] employees in 2004." (J.A. 674–75.) Although the District Court acknowledged that Exhibit J "d[id] not foreclose the possibility that this integrated employer **did**, in fact, employ the requisite number of workers for at least the requisite number of workweeks during this calendar year," it concluded that Walker's affidavit "defeat[ed] any opportunity for conjecture on this point." (J.A. 675.) Plaintiff appealed from the order of dismissal. Pending the appeal, she moved for relief from the order under Federal Rule of Civil Procedure 60(b)(1) and (b)(6).

In her Rule 60(b) motion, Plaintiff argued that equity mandated relief from the order of dismissal because her counsel focused on the "integrated employer" issue rather than the 50-employee issue, her counsel misapprehended the relevant FMLA provision, and the District Court erroneously relied on Walker's affidavit, which was conclusory and misrepresented the facts. Plaintiff based the assertion of misrepresentation on her post-judgment review of the record, which she claimed showed that "CFD and/or GBDC in fact employed (i.e., had on their payrolls) 50 or more employees in at least 46 work weeks in the calendar year 2004." (J.A. 685.) Plaintiff submitted an exhibit that supported this claim.

The District Court denied the motion, holding that Plaintiff's post-judgment review of the record did not provide a basis for relief under Rule 60(b). The court first noted that Rule 60(b) relief was unwarranted because Plaintiff was "assert[ing] only that she reviewed the **existing** record in a **different way**." (J.A. 726.) The court also rejected Plaintiff's argument of inadequate representation, concluding that claims of attorney error were not bases for relief under Rule 60(b)(1) and that counsel was fully aware of the pertinent issue. As to the claim of misrepresentation, the court determined that it need not "assess the accuracy of [Walker's] affidavit . . . because it [was] clear that [the affidavit] did not play a decisive rule in the [c]ourt's award of summary judgment." (J.A. 731.) The court rejected Plaintiff's Rule 60(b)(6) claim because it found that her arguments fit within the range of circumstances addressed in the other subsections of the Rule.

## JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction under 28 U.S.C. § 1291. A grant of summary judgment is reviewed de novo, Humenny v. Genex Corp., 390 F.3d 901, 904 (6th Cir. 2004), and a denial of a Rule 60(b) motion is reviewed for abuse of discretion, In re Ferro Corp. Derivative Litig., 511 F.3d 611, 623 (6th Cir. 2008). An abuse of discretion exists when a court "commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." Id. (citations omitted).

## DISCUSSION

### I. Motion for Summary Judgment

Plaintiff argues that the District Court erred in granting Defendant's summary judgment motion because Rykulski's deposition testimony and Walker's affidavit were insufficient to enable

Defendant to show that it did not meet the 50-employee requirement. She claims that Rykulski's statements were "so indefinite as to be meaningless, as to both number of employees (they are estimates as to current employees, from memory; no actual survey was conducted, by Rykulski or anyone to her knowledge) and their time of employment (a vital factor under the Act)." (Appellant's Br. 22–23.) She contends that Walker's affidavit was conclusory, as it lacked specific facts and documentary support. Plaintiff further claims that, in any event, Exhibit J was sufficient to defeat summary judgment. Plaintiff's arguments are unpersuasive.

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[4] The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 & n.12 (6th Cir. 1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (other citations omitted). The movant need not submit "affidavits or other similar materials negating the [nonmovant's] claim." Celotex, 477 U.S. at 323. It need only identify portions of the record that demonstrate the absence of a genuine issue of material fact. Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc., 276 F.3d 845, 848 (6th Cir. 2002) (citing Celotex, 477 U.S.

---

[4]The version of the Rule quoted here was effective December 1, 2007. Fed. R. Civ. P. 56 (2008). Under the prior version, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2007). The amendments are intended to be stylistic only. Fed. R. Civ. P. 56 advisory committee's note (2008).

at 323). In determining whether this burden is met, a court may consider affidavits filed with the movant's reply brief. See, e.g., Peters v. Lincoln Elec. Co., 285 F.3d 456, 476–77 (6th Cir. 2002); Smith v. Burns Clinic Med. Ctr., P.C., 779 F.2d 1173, 1175 n.6 (6th Cir. 1985).

Upon the movant's showing of the absence of a genuine issue of material fact, to defeat summary judgment, the nonmovant must "set out specific facts showing a genuine issue for trial." Fed R. Civ. P. 56(e)(2); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. The inquiry is whether the record, as a whole, could lead a rational trier of fact to find in favor of the nonmovant. Id. at 587. The court views the evidence, disputed facts, and inferences in the light most favorable to the nonmovant. Novak v. MetroHealth Med. Ctr., 503 F.3d 572, 577 (6th Cir. 2007) (citing Matsushita, 475 U.S. at 587).

Here, the District Court did not err in granting Defendant's motion for summary judgment. In determining whether Defendant met its initial burden, the court properly considered Rykulski's deposition. Rykulski testified that GBDC employed about 13 employees and that CFD employed about 31 employees during the relevant period. She based her conclusions on the number of employees working for Defendant at the time of her deposition in February 2005, numbers she claimed "more or less [were] the same" since January 2002. (J.A. 89.) Plaintiff did not object to the use of the deposition before the District Court. Nonetheless, the estimate of 44 employees presents a close question as to whether there was absence of an issue of fact regarding the 50-

employee requirement. We need not decide this issue, however, because Defendant met its burden with submission of Walker's affidavit.

Contrary to Plaintiff's contention, the District Court did not err in crediting Walker's affidavit. It is true that the payroll records upon which Walker relied in concluding that GBDC and CFD did not employ 50 employees for 20 weeks were not attached to the affidavit. Generally, "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." Fed. R. Civ. P. 56(e)(1). Here, however, Walker also stated, and Plaintiff never disputed, that the payroll records were supplied to Plaintiff's counsel. Additionally, Plaintiff did not object or respond in any way to the affidavit during the 21 months between the date Defendant filed its reply brief and the date the District Court rendered its ruling on the motion, and nothing shows that the District Court prevented Plaintiffs from doing so. Under these circumstances, we cannot conclude that the District Court erred in considering the affidavit. See Peters, 285 F.3d at 476–77 (upholding district court's consideration of affidavit accompanying reply brief because nonmovant was given opportunity to respond); Wiley v. United States, 20 F.3d 222, 226 (6th Cir. 1994) ("If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and we will review such objections only to avoid a gross miscarriage of justice."). Thus, the District Court did not err in concluding that Defendant met its burden.

Plaintiff's reliance on Exhibit J to defeat summary judgment also fails. Exhibit J is insufficient to satisfy her burden because it did not address the degree of overlap of the employment

periods of the employees listed therein.  Although, as the District Court concluded, the information in Exhibit J is not necessarily inconsistent with a finding that Defendant employed 50 or more employees during the relevant period, the showing of a "mere possibility" of a factual dispute is insufficient to defeat summary judgment.  Gregg v. Allen-Bradley Co., 801 F.2d 859, 863 (6th Cir. 1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (stating that "mere existence of a scintilla of evidence" is insufficient).  The evidence must permit a jury to reasonably return a verdict for Plaintiff.  See Anderson, 477 U.S. at 252.  Exhibit J is insufficient to do so.  The District Court therefore did not err in concluding that Plaintiff failed to meet her burden.

## II.  Rule 60(b) Motion

Plaintiff argues that the District Court erred in denying her Rule 60(b) motion because the misrepresentation of facts in Walker's affidavit, as demonstrated by her post-judgment review of the record, warranted relief from the order of dismissal.  She contends that the "patent misrepresentation" in the affidavit "materially misled the [District] [C]ourt and prejudiced her entitlement to a disposition founded on good faith assertions of fact" and was "of a sufficiently significant order to compel equitable relief."  (Appellant's Br. 31, 32.)  This argument is also unpersuasive.[5]

---

[5]Plaintiff did not assert fraud as a basis for her Rule 60(b) motion despite her allegation of misrepresentation.  Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment,
> order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> (continued...)

Plaintiff was essentially seeking, via her Rule 60(b) motion, a second opportunity to present her case after being informed by the District Court as to the inadequacies of her evidence during the summary judgment proceeding. Inadequate presentation of evidence is not an appropriate basis for relief under Rule 60(b). See Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."); In re Salem Mortgage Co., 791 F.2d 456, 460 (6th Cir. 1986) ("[W]e do not endorse a liberal application of Rule 60(b) where counsel has failed to carefully review pleadings, motions or other documents filed with the court."). Even if the record does support the conclusion that Defendant met the 50-employee requirement, it was Plaintiff's obligation to timely present the evidence to the District Court in a way that would enable the court to readily draw such a conclusion. Plaintiff failed to do so, and she may not, after receiving the benefit of hindsight, resubmit the evidence with a new spin on it. Thus, the District Court did not abuse its discretion in denying Plaintiff's Rule 60(b) motion.

---

[5](...continued)
discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
. . . .
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In her motion, Plaintiff claimed that she was not asserting fraud under 60(b)(3) "[a]s courtesy, and from admitted ignorance and a supposition of good faith." (J.A. 721.) She elaborates that "[i]t was because [she] did not want to charge [Defendant] with fraud that she likewise cited 60(b)(6), seeking to afford the district [sic] some flexibility to put matters right." (Appellant's Br. 31.) For purposes of this appeal, we will generously interpret her argument in the motion as one asserting fraud under Rule 60(b)(3).

Based on the foregoing, the District Court's order of dismissal and order denying Plaintiff's

Rule 60(b) motion are affirmed.