NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0516n.06

No. 08-5630

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 27, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| CLAY MASSI, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| WALGREEN CO., | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) |
| | ) |

Before:       BOGGS, Chief Judge; and MOORE and SUTTON, Circuit Judges.

PER CURIAM. Clay Massi appeals pro se a district court order denying his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Massi brought a medical malpractice action through counsel for damages he allegedly suffered because the defendant gave him the wrong prescription drug. A trial was held in November 2006, and the jury found that Massi incurred $25,000 in damages and that Walgreen was 55% at fault. Massi did not appeal this judgment, which defendant paid and satisfied. Nearly a year later, Massi filed a motion for a new trial, alleging that the defendant submitted fraudulent evidence that diminished the jury verdict. The district court denied plaintiff's motion and, upon review, we affirm the district court's order.

I

Massi had filled prescriptions for Ritalin on six previous occasions at the defendant's pharmacy. On his seventh visit, Walgreen mistakenly gave him Adderall, a different drug, in a bottle marked as Ritalin. Massi took the drug for several weeks, thinking it was Ritalin. Walgreen then discovered the mistake during a routine audit and alerted Massi to the error. Massi received the correct prescription and ceased taking the Adderall. One week later, however, Massi says he suffered a stroke and other health complications such as high blood pressure, loss of balance, loss of vision, and memory loss, which he attributed to ingestion of the wrong medication. At trial, there were several disputed issues: first, whether ingestion of Adderall, which is similar to Ritalin, caused Massi's injuries; second, whether Massi returned the Adderall to Walgreen after being informed of the mistake; and third, whether Massi should have discovered on his own that he received the incorrect drug.

Although Walgreen conceded that it gave Massi the wrong medication and that the container was mislabeled, it argued that Adderall was very similar to Ritalin and therefore could not have caused Massi's injuries.[1] Walgreen also presented evidence to show Massi should have realized the mistake from the appearance of the tablets. In particular, Walgreen noted that the generic Ritalin prescribed to Massi was peach while the brand of generic Adderall he was accidentally given was blue and that the pills had different writing on them.[2] Walgreen also claimed that Massi was at fault

---

[1]Both are amphetamines approved by the FDA for the treatment of Attention Deficit Disorder and Attention Deficit Hyperactivity Disorder. There is disagreement about whether Adderall is stronger than Ritalin when prescribed in the same dose.

[2]The Ritalin was inscribed "DAN 20" on one side and "5884" on the other. The Adderall was inscribed "F 20" on one side and there were two dashes on the other.

for his own injuries in failing to read literature provided with his prescription and taking medication that did not match the physical description given in these materials.

At trial, Massi's counsel sought to undercut Walgreen's assertions about the comparative fault of his client by soliciting testimony about why the change in the appearance of the drug would not necessarily have alerted Massi to the error. In some respects, the pills were similar in appearance: they were the same shape and each had the number 20 (the dose in mg) on one side. Although Massi had only filled his Ritalin prescription at this particular Walgreen on six occasions, he apparently had been taking the medication for many years. In the course of this period, the pill had come in different colors, including blue. On cross examination, Walgreen pharmacists testified there were several generic versions of Ritalin and Adderall available on the market when Massi received the wrong medication and they came in a variety of colors. In eliciting this testimony, plaintiff's counsel implied that Massi believed he had simply been given a different brand and that a reasonable person might not assume under these circumstances that an error was made.

The jury found in Massi's favor, apportioning 55% of the fault to Walgreen and 45% to Massi himself. Massi did not appeal the judgment of December 1, 2006. With Massi's consent, his counsel withdrew in July 2007. On September 11, 2007, Massi filed his first request for relief from the judgment. Instead of filing this as a motion in the case in which he was seeking relief, Massi, acting pro se, filed this Fed. R. Civ. P. 60(b) motion as a new complaint. The district court in turn gave it a new case number. Since there was no judgment to set aside in this matter, the district court ultimately dismissed the complaint under Rule 12(b)(6) for failure to state a claim and explicitly granted Massi leave to file a second Rule 60(b) motion in the original case. Massi promptly filed

a motion five days later, on January 16, 2008, putting forward the very same allegations for relief from judgment that he stated in his September 11, 2007 filing. Defendant denied presenting any false testimony or evidence in the original proceedings. The district court denied plaintiff's motion, and Massi now appeals.

II

A district court's denial of a motion for relief from judgment pursuant to Rule 60(b) is reviewed only for an abuse of discretion. *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990). To overcome this deferential standard of review, a party must demonstrate that the district court committed "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 623 (6th Cir. 2008).

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Rule 60(b)(1) through (5) provide relief under a variety of circumstances including fraud, misconduct, and excusable neglect. Rule 60(b)(6) permits relief under other circumstances not specifically envisioned by Rule 60(b), on an equitable basis, when the interests of justice require vacating a court's earlier judgment. *Liljeberg v. Health Services Acquisition, Corp.*, 486 U.S. 847, 863-64 (1988); *see also Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (holding that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule").

No. 08-5630
Massi v. Walgreen Co.

In this case, the relevant provisions of Rule 60(b) are those permitting relief when new evidence is discovered after the judgment or when a final judgment rests on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(2)-(3). Except for those based on fraud on the court, Rule 60(b) motions "must be made within a reasonable time [and] no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). Massi brought his motion within a year of the judgment, which is necessary but not sufficient with respect to his claims based on newly discovered evidence.[3] If "a reasonable time" happens to be less than a year in a given case, then a party must file the motion by that earlier date. A party seeking relief from judgment on the basis of fraud must establish the existence of fraud by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

The plaintiff's motion for relief rests on four allegations: (1) a defense witness testified falsely that Massi did not return the incorrect prescription medication; (2) the defendant fraudulently reproduced the label to the incorrect prescription; (3) the defendant fraudulently presented photographs of a different generic brand of Adderall than the one he was given; and (4) the defendant's response to the Rule 60(b) motion contained false and misleading materials. Upon review of these allegations, we conclude that the district court did not abuse its discretion. Plaintiff

---

[3]Although Massi's first Rule 60(b) motion was filed on a timely basis, Massi's corrected motion was filed more than a year after entry of the verdict. Neither the district court or the parties raised the issue of the one-year period, and we hold that the one-year time period was tolled while the district court considered Massi's timely-filed Rule 60(b) motion under the incorrect case number.

had ample opportunity to discover the new evidence that he now cites. Alternatively, the evidence of fraud is not clear and convincing and does not go to the grounds on which the case was decided.

**A. Walgreen's Claim that Massi Never Returned his Incorrectly Filed Prescription Bottle**

At trial, the parties presented conflicting evidence about whether Massi returned the remaining Adderall. Davonna Foley, the Walgreen pharmacist who informed Massi of the prescription error, testified that she could not recall him returning the Adderall to her. Yet a report prepared by Foley indicates Massi returned the remaining Adderall. Asked to explain the discrepancy, Foley testified that she filled out the report shortly after talking with Massi on the phone and notifying him of the mistake. She adds, when Massi came to pick up the correct prescription, he refused to produce the medication and she simply forgot to go back and revise the report in light of supervening events. In his motion for relief from the judgment, Massi asserts that, in return for a promotion and pay increase, Foley gave false testimony about whether he returned the incorrect prescription. In response to Massi's motion, Foley once again denied that he returned the prescription for Adderall. Walgreen also submitted evidence contending that although Foley now works at a different location, she did not receive a pay increase.

Relief must be granted under circumstances where the court is "reasonably well satisfied that the testimony given by a material witness is false; that, without it, a jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." *Davis*, 912 F.2d at 134 (internal quotations omitted). Foley was without a doubt a material witness,

as she was the pharmacist who discovered the error, contacted Massi to inform him of the mistake, and filled out a report documenting the incident. But the district court did not abuse its discretion in denying relief on this ground, because there is absolutely no indication that Foley's testimony surprised the plaintiff or that Foley's testimony was clearly false.

All of the evidence cited by Massi was available during the original proceedings and presented to the jury for consideration. Moreover, the discussion of whether Massi returned the incorrect prescription was his own counsel's creation. Plaintiff's counsel called Foley as his first witness and elicited extensive testimony about whether Massi returned the incorrect prescription, even though Foley asserted in both her pre-trial affidavit and deposition that Massi had not returned the incorrect prescription. Foley was less adamant in her trial testimony. Initially she said only that she could not recall whether Massi returned the incorrect prescription to her, seemingly acknowledging the possibility that Massi may have returned the incorrect prescription to another employee. As she explained, "I don't remember him handing it to me and taking it. It's been a couple of years." In response to Foley's testimony, plaintiff's counsel introduced comments from her deposition in which she declared adamantly that Massi never returned the incorrect prescription. Plaintiff cannot seek relief under Rule 60(b)(3) based on supposedly false testimony that his own counsel introduced to impeach more favorable testimony.

The district court's order may also be affirmed because the evidence of fraud is not clear and convincing, and there is little, if any, reason to believe the jury's calculation of comparative fault would differ even if it were. *Davis*, 912 F.2d at 133-34. Foley continues to deny Massi's allegations, reiterating plausible reasons for the discrepancy between her testimony and the report

she filed. And as the district court observed during the original trial, whether Massi returned the incorrect prescription was of "very limited relevance." Walgreen did not suggest at any point in the proceedings that the plaintiff continued to take Adderall after being informed of the mistake, so it is entirely unclear how the fact that Massi returned or did not return the incorrect prescription would affect the jury's verdict. At best, Massi's allegations present a factual dispute in which neither party's view is clearly erroneous. Under these circumstances, the district court's decision must be affirmed. *Info-Hold*, 538 F.3d at 457.

**B. The Reprinted Prescription Labels Offered into Evidence at the Original Trial**

Massi's next allegation relates to the four prescription labels Walgreen reprinted and presented at the original trial. Massi alleges that the labels were doctored in a variety of ways, including the time in which the prescription was filled and the initials of the Walgreen pharmacist who filled the prescription. Walgreen admits that the time listed on the reprinted label was an hour off and also concedes that the original label had the initials "RAW" and "DKB" listed on it whereas the reprinted label only had "DKF." It was not an abuse of discretion for the district court to reject Massi's allegation that these slight differences amount to fraud, because Massi failed to establish that the alterations were willful and there is no evidence that they are material to Walgreen's liability or comparative fault.

Massi simply did not meet his burden of showing by clear and convincing evidence that Walgreen presented intentionally false evidence, or that it engaged in conduct that could be described as wilfully blind to the truth or evincing a reckless disregard for the truth. *Info-Hold*, 538 F.3d at

456. In response to Massi's allegations of fraud, Walgreen submitted an affidavit by Jill Bosch, Walgreen's Custodian of Records, offering reasonable explanations for the discrepancies. The one hour time difference, Bosch explains, was due to daylight savings time. The original prescription was filled on December 12, 2004, and the copy of the label offered into evidence was printed after the time change in 2006. Walgreen also presents an innocuous explanation for the change in the pharmacist's initials: Foley married and took her husband's name in between the time the prescription was originally filled and the copies of the label were printed. Massi does not contest these explanations, and nothing in the record appears to support a finding of fraud.

We note separately the district court's order may also be affirmed with respect to this ground because the discrepancies on the reprinted label are not material to Walgreen's liability or comparative fault. The time the original prescription was filled and the initials of the pharmacist at Walgreen who filled Massi's prescription are irrelevant to the question of whether Massi should have discovered that he was given the wrong medication. None of the supposed discrepancies relate to the appearance of the generic Ritalin he was supposedly being given, and therefore there is absolutely no basis for concluding that without the slight alterations to the labels, "a jury might have reached a different conclusion." *Davis*, 912 F.2d at 134. For these reasons, it was not an abuse of discretion for the district court to deny Massi's claim.

## C. The Generic Brand and Appearance of Adderall Given to Massi

Massi alleges that Walgreen introduced fraudulent photographic evidence comparing the generic Ritalin he was prescribed with the Adderall the pharmacy incorrectly gave him. According

to Massi, the photographs depict a different generic brand of Adderall that happens to be less similar in appearance to Ritalin, thus misleading jurors. Massi also submitted records that supposedly corroborate his claim that he received a different generic brand of Adderall that is closer in color to the Ritalin defendant's pharmacy had supplied on previous visits.

Even if Massi is correct on the latter point, we hold that the district court did not abuse its discretion because Massi has supplied no evidence that Walgreen willfully submitted false evidence or recklessly disregarded the truth in offering the photographs. The same photographs were presented to him during his deposition and he had prior notice of Walgreen's intent to use the photographs at trial. If the generic Adderall depicted in the photograph was markedly different from the medication he received, one would expect Massi to say so when confronted with the photograph or between his deposition and trial. Yet he said nothing of the differences he now alleges in his motion for a new trial. Massi's reliance on the "newly discovered" evidence prong of Fed. R. Civ. P. 60(b) is equally misguided. The records, after all, were available at the time of his original trial.

Rule 60(b) cannot undo plaintiff's failure to challenge Walgreen's assertions about the brand and appearance of the generic Adderall that he accidentally received. "Inadequate presentation of evidence is not an appropriate basis for relief under Rule 60(b)." *Dobrowiak v. Convenient Family Dentistry, Inc.*, Nos. 07-2373, 08-1241, 2009 WL 537674, at *5 (6th Cir. Mar. 4, 2009); *see also Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). To give Massi a second opportunity to litigate these issues would destroy the near paramount interest our judicial system places on the "finality of judgments and termination of litigation." *Blue Diamond*, 249 F.3d at 524.

**D. Walgreen's Response to Massi's Motion for a New Trial**

Finally, Massi alleged that Walgreen's response to his motion for a new trial contained false and misleading evidence. Even if this were true, it would not entitle Massi to relief under Rule 60(b), as relief from an earlier judgment cannot be established on the basis of evidence submitted in a later proceeding. The proper ground for any relief would be Rule 11, which Massi never invoked in his motion for sanctions. By signing a "paper" filed with the court, a party certifies the truth of the contents of that paper. *Business Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 551 (1991).

A district court may grant sanctions only when it concludes a party did not have a reasonable basis for believing the veracity of sworn statements or evidence it has submitted. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The district court's denial of Massi's motion was not an abuse of discretion, because Walgreen denied Massi's allegations and there is no actual evidence from which to conclude that Walgreen's affidavits were false or misleading let alone fraudulent. At best, this is a he-said, he-said dispute, and it is not an abuse of discretion for the district court to deny sanctions under such circumstances. As the Supreme Court has previously observed, "[w]here there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

III

For the foregoing reasons, the district court's denial of post-judgment relief is AFFIRMED.